J-S80025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNESTO LEON | : | |
| | : | |
| Appellant | : | No. 560 EDA 2017 |

Appeal from the Judgment of Sentence June 14, 2016
In the Court of Common Pleas of Lehigh County Criminal Division at No(s):
CP-39-CR-0004802-2015

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY SHOGAN, J.:             **FILED FEBRUARY 06, 2018**

Appellant, Ernesto Leon, appeals *nunc pro tunc* from the judgment of sentence of thirty-three months to ten years of imprisonment entered June 14, 2016.  Appellant filed this direct appeal after his appellate rights were reinstated as a result of a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm the judgment of sentence.  However, we reverse the order finding that Appellant is a Sexually Violent Predator ("SVP") and remand for the trial court to advise Appellant of his obligations under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41.

The trial court summarized the relevant facts and procedural history of the case, as follows:

On January 21, 2016, [Appellant] entered a plea of guilty to the charge of Statutory Sexual Assault (8 to 11 years old) (18 Pa. C.S.A. § 3122.1(a)(2)). The Commonwealth agreed to cap [Appellant's] minimum sentence at the top of the aggravated range of the Sentencing Guidelines, which was determined to be thirty-three (33) months. A Pre-Sentence Investigation report and a Sexually Violent Predator[] Assessment were ordered. On June 14, 2016, a hearing was conducted to determine whether [Appellant] met the criteria of a Sexually Violent Predator[] pursuant to Pennsylvania statute. The evaluations of Dr. Veronique Valliere and Dr. Christopher Lorah were both submitted for review by this [c]ourt, and argument was made by both attorneys. After hearing, this [c]ourt found [Appellant] to be a Sexually Violent Predator. On the same date, [Appellant] was sentenced to a term of state imprisonment of not less than thirty-three (33) months nor more than ten (10) years. No appeal followed. Thereafter, on November 23, 2016, [Appellant] filed a Motion for Post Conviction Collateral Relief, as amended on January 5, 2017. [Appellant] requested to have his appeal rights reinstated *nunc pro tunc*. By agreement of counsel, [Appellant's] Motion for Post Conviction Collateral Relief was granted on January 31, 2017, and [Appellant] was granted leave to file an appeal *nunc pro tunc* within thirty (30) days thereof. [Appellant's] within appeal followed on February 8, 2017.

Trial Court Opinion, 3/3/17, at 1–2 (internal citations omitted). Both Appellant and the trial court complied with Pa.R.A.P. 1925.

The sole issue raised on appeal challenges the trial court's determination that the record contains clear and convincing evidence that Appellant is an SVP. Appellant's Brief at 8. For the reasons that follow, we cannot address the merits of that claim.

Applying ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne v. United States***, 570 U.S. 99 (2013), this Court, in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), found that 42 Pa.C.S. § 9799.24(e)(3) of

SORNA is unconstitutional. As a result, this Court held that "trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." **Butler**, 173 A.3d at 1218. Here, Appellant was determined to be an SVP under the now unconstitutional SVP mechanism.

As the propriety of the determination that Appellant is an SVP is the sole issue before us, we affirm the judgment of sentence. However, in light of **Butler**, we must reverse the trial court's SVP order and remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S. § 9799.23. **Butler**, 173 A.3d at 1218.

June 14, 2016 SVP order reversed. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18

- 3 -